UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:20-cv-0184

LSTAR DEVELOPMENT GROUP, INC.,

    PLAINTIFF,

VS.

STEVEN J. VINING, WILLIAM HAMPTON
PITTS, PATRICK "PETE" SULLIVAN,
RACHEL E. VRADENBURGH, AND OAK
CITY DEVELOPMENT, LLC,

    DEFENDANTS.

<u>STIPULATED ORDER</u>

NOW COME plaintiff, defendant William H. Pitts, defendant Patrick "Pete" Sullivan, defendant Rachel E. Vradenburgh, (collectively the "Employee Defendants") and respectfully move the court to enter the following stipulated order.

RECITALS

A.    WHEREAS, Plaintiff has filed a Complaint seeking, *inter alia*, permanent and preliminary injunctive relief; and

B.    WHEREAS, the time in which Employee Defendants may answer or otherwise plead in response to the Complaint has not yet expired; and

C.    WHEREAS, in advance of moving the Court for the entry of a Preliminary Injunction, Plaintiff and Defendants have conferred and agreed to resolve certain matters by consent to avoid the burden and expense of formal Preliminary Injunction proceedings;

NOW, THEREFORE, THE PARTIES, along with their respective legal counsel, hereby agree and stipulate as follows solely during the pendency of this lawsuit, and without prejudice to Defendants' right to object to the subject matter jurisdiction of the Court at any time during the pendency of this lawsuit:

1.    In its complaint, plaintiff contends that defendants have infringed upon plaintiff's copyrights, misrepresented the source of plaintiff's services, misappropriated plaintiff's trade secrets, violated and/or interfered with employment agreements between plaintiff and defendants Pitts and Vradenburgh and that preliminary and permanent injunctions should be entered bringing about a cessation of the foregoing conduct. Employee Defendants deny that they have infringed on any copyrights, deny that Plaintiff is the owner of the copyrighted materials attached to the Plaintiff's Complaint, deny the Court's subject matter jurisdiction over Plaintiff's claims, deny that there is appropriate legal basis for the Court to enter a preliminary injunction against Defendants absent their consent, and deny that they are proper party-Defendants in this lawsuit.

2.    By executing and delivering this order, the parties acknowledge and represent to the Court that: (a) they have read and understand the terms and provisions of this Order, (b) they understand that this Order, once entered, will be an enforceable order of this Court, (c) they have agreed to the entry of this Order of their own free will and volition, and (d) they are each satisfied with the advice and assistance of their respective lawyers.

3.    By agreeing to the entry of this Order, none of the parties are waiving or releasing any claim or defense, including objections to subject matter jurisdiction, that has been or may be asserted or alleged by any of them at a later date in this action.

Based on the foregoing, the Court makes and enters the following Order:

1.     For purposes of this Order, the following definitions shall apply:

1.1     The word "Copyrighted Materials" shall mean all materials owned by plaintiff that have been the subject of a registration or preregistration with the U.S. Copyright Office pursuant to the Copyright Act of 1976 (17 U.S.C. §§ 101, *et seq.*).

1.2     The term "Confidential Information" shall mean all documents and data containing any of the following information owned by plaintiff: customer lists, vendor lists, contracts, marketing methods, customer needs and services, financial information, financing strategies, analytic tools, investor identities, financial statements, real estate investments, property development plans or goal or strategies, research and development activities. The term "Confidential Information" shall not mean or apply to any information or materials that is already in, or later enters, the public domain through no fault of defendants, was known to an Employee Defendant prior to his or her employment with plaintiff, was lawfully obtained by an Employee Defendant from a third party, or otherwise became a matter of public record as a result of pleadings, motions or filings made in past, pending or future litigation.

1.3     "Work for Hire" shall mean all work product fixed in tangible form of any type or nature created the Employee Defendants during the term of their employment with Plaintiff or resulting from work performed by defendants during the term of their prior employment that was effectuated by the use of plaintiff's facilities, equipment, supplies or other property of plaintiff to include, but not limited to, business plans, investment ideas, leads, contacts and real estate opportunities.

2.     Employee Defendants shall not, directly or indirectly, use or infringe upon Plaintiff's Copyrighted Materials. To the extent that any Employee Defendant possesses Copyrighted Materials belonging to Plaintiff, the applicable Employee Defendant(s) shall return the Copyrighted Materials to Plaintiff within ten (10) days following the entry of this Order.

3.     Employee Defendants shall not, directly or indirectly, represent that the services and accomplishments of Plaintiff are the services of any other person or entity, other than LStar Management, LLC where it is appropriate to attribute such services or accomplishments to that business entity. However, each defendant may truthfully and accurately describe his or her own individual contributions and accomplishments during his or her term of employment by Plaintiff on any future job applications, resumes or business proposals.

4.     Defendants Pitts and Vradenburgh shall not, directly or indirectly, use, publish or reveal any Confidential Information or Work for Hire, other than by way of filing pleadings, motions and other papers containing or referencing documents received in discovery in the public record in the course of defending this lawsuit or prosecuting the Employee Defendants' claims for unpaid wages. To the degree Defendants Pitts and Vradenburgh possess any Confidential Information of Plaintiff or Works for Hire created while employed by Plaintiff, Defendants shall return the documents or electronic data containing such Confidential Information to Plaintiff within ten (10) days following the entry of this Order.  Defendant Vradenburgh shall return any documents or electronic data in her possession containing Confidential Information regarding the businesses, employees and subsidiaries of LStar Management, LLC to the Receiver appointed by the Court for

LStar Management within ten (10) days following the date of entry of this Order. To the extent Defendant Sullivan possesses any documents or data constituting "Trade Secrets" of LStar Development as that term is defined in the North Carolina Trade Secrets Protection Act, N.C. Gen. Stat. § 66-152(3), Sullivan shall return such documents or data to LStar within ten (10) days following the date of entry of this Order.

5. Defendants Pitts and Vradenburgh consent to continue to be bound by the post-employment restrictive covenants contained in their Employment Agreements until the earlier of: (a) 11:59 p.m. (EST) on 26 March 2021, (b) the date a Court of competent jurisdiction finds the post-employment restrictive covenants unenforceable, or (c) the date that Plaintiff waives and releases any right to further performance of the post-employment restrictive covenants in writing. Specifically, defendants Pitts and Vradenburgh shall not

5.1 solicit or attempt to solicit any actual or potential investor in plaintiff who was an investor or prospective investor in plaintiff as of 24 March 2020 to invest in real estate, and/or real estate products or services of any kind;

5.2 influence or attempt to influence any customer, investor, partner or business associate of plaintiff to alter their business relationship with plaintiff in any way who was a customer, investor, partner or business associate of plaintiff as of 24 March 2020;

5.3 accept the real estate development business of any customer or business associate of plaintiff or enter into any real estate development or real estate ownership relationship with any customer or business associate of plaintiff unless such customer or business associate was mutually known to both of them prior to the commencement of their employment relationship.

6. Defendant Sullivan shall not, directly or indirectly, engage in actions that cause defendant Pitts and/or defendant Vradenburgh to violate the post-employment restrictive covenants in their Employment Agreements until the earlier of: (a) 11:59 p.m. (EST) on 26 March 2021, (b) the date a Court of competent jurisdiction finds the post-employment restrictive covenants unenforceable, or (c) the date that Plaintiff waives and releases any right to further performance of the post-employment restrictive covenants in writing.

7. Defendant Pitts shall not, directly or indirectly, engage in actions that cause defendant Vradenburgh to violate the post-employment restrictive covenants in her Employment Agreement until the earlier of: (a) 11:59 p.m. (EST) on 26 March 2021, (b) the date a Court of competent jurisdiction finds the post-employment restrictive covenants unenforceable, or (c) the date that Plaintiff waives and releases any right to further performance of the post-employment restrictive covenants in writing.

8. Defendant Vradenburgh shall not, directly or indirectly, engage in actions that cause defendant Pitts to violate the post-employment restrictive covenants in his Employment Agreement until the earlier of: (a) 11:59 p.m. (EST) on 26 March 2021, (b) the date a Court of competent jurisdiction finds the post-employment restrictive covenants unenforceable, or (c) the date that Plaintiff waives and releases any right to further performance of the post-employment restrictive covenants in writing.

9. This Order shall remain in full force and effect during the pendency of this action unless and until it is modified or terminated by a future order of the Court.

IT IS SO ORDERED on this the 30th day of July, 2020.

_____
Louise W. Flanagan
United States Direct Judge

WE CONSENT. STIPULATE AND AGREE:

AKINS · HUNT · ATKINS, P.C.

_____
Donald G. Hunt, Jr.
N.C. State Bar No. 22128
Kristan Atkins Lee
N.C. State Bar No. 36601
Attorneys for Plaintiff
570 New Waverly Place, Suite 240
Cary, NC 27518
Telephone: (919) 552-2020
Facsimile: (919) 552-3221

THE NOBLE LAW FIRM, PLLC

_____
Kathryn F. Abernethy
N.C. State Bar No. 43933
Attorneys for Defendants Pitts,
Vradenburgh, and Sullivan
141 Providence Road, Suite 210
Chapel Hill, NC 27514
Telephone: (919) 251-2079
Facsimile: (919) 869-2079

LSTAR DEVELOPMENT GROUP, INC.

_____
Kyle V. Corkum
President

_____
William Hampton Pitts

_____
Rachel E. Vradenburgh

_____
Patrick "Pete" Sullivan

Page 7 of 7